## No. 14-1444

# United States Court of Appeals
# for the Fourth Circuit

SUSAN ENGLER,

*Plaintiff – Appellant,*

*and*

JACQUELINE HAMRICK; ANTOANNA ROMANIUK,

*Plaintiffs,*

*v.*

HARRIS CORPORATION,

*Defendant – Appellee,*

*and*

HARRIS RF COMMUNICATIONS DIVISION (HARRIS RFCD),

*Defendant.*

*On Appeal from the United States District Court for the District of Maryland
in Case No. 1:11-CV-03597-GLR (Hon. George L. Russell III, Judge)*

## PUBLIC BRIEF FOR APPELLANT

JAMES R. KLIMASKI
JOHN P. RACIN
LYNN I. MILLER
KLIMASKI & ASSOCIATES, P.C.
1625 Massachusetts Avenue, N,W,
Suite 500
Washington, DC  20036-2245
(202) 296-5600
Klimaski@Klimaskilaw.com
Racin@Klimaskilaw.com
Miller@Klimaskilaw.com
*Counsel for Appellant Susan Engler*

AUGUST 22, 2014

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

No. 14-1444                Caption: Susan Engler v Harris Corporation

Pursuant to FRAP 26.1 and Local Rule 26.1, Susan Engler who is Appellant,
makes the following disclosure:

1.    Is party/amicus a publicly held corporation or other publicly held entity?
          ( ) YES                            ( X ) NO
2.    Does party/amicus have any parent corporations?
          ( )YES                             ( X ) NO
      If yes, identify all parent corporations, including grandparent and
      great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held
corporation or other publicly held entity?
          ( ) YES                            ( X ) NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that
has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?
          ( ) YES                            ( X ) NO
      If yes, identify entity and nature of interest:

5.    Is party a trade association (amici curiae do not complete this question)?
          ( ) YES                            ( X ) NO
      If yes, identify any publicly held member whose stock or equity value could
      be affected substantially by the outcome of the proceeding or whose claims
      the trade association is pursuing in a representative capacity, or state that
      there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?
          ( ) YES                            ( X ) NO
      If yes, identify any trustee and the members of any creditors' committee:

August 21, 2014                      /s/  James R. Klimaski
                                     James R. Klimaski
                                     *Counsel for Appellant*

i

# TABLE OF CONTENTS

*Page*

DISCLOSURE OF CORPORATE AFFILIATIONS
AND OTHER INTERESTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.     JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF THE ISSUE PRESENTED FOR REVIEW . . . . . . . . . 1

III.   STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.    SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

V.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

       A.     STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

       B.     GENUINE ISSUES OF MATERIAL FACT
              SHOULD HAVE PRECLUDED SUMMARY
              JUDGMENT ON THE RETALIATION CLAIM . . . . . . . . . . . . . . 18

VI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

STATUTORY ADDENDUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Add. 1

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)

CERTIFICATE OF SERVICE

# <u>TABLE OF AUTHORITIES</u>

*Page(s)*

## *CASES*

*Adickes* v. *S.H. Kress & Co.*,
  398 U. S. 144 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 91 L.Ed. 202, 106 .Ct. 2505 (1986) . . . . . . . . . . . . 16, 41, 43

*Bonds v. Leavitt*,
  629 F.3d 369 (4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Brosseau* v. *Haugen*,
  543 U. S. 194, 125 S.Ct. 596, 160 L.Ed. 2d (2004) (*per curiam*) . . . . . . . 16

*Celotex Corp. v. Catrett*,
  477 U.S.317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Chapman v. A1 Transport*,
  229 F. 3d 1012 (11th Cir. 2000) (*en banc*). . . . . . . . . . . . . . . . . . . . . . . 12

*EEOC v. Navy Fed. Credit Union*,
  424 F.3d 397 (4th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Gunby v. Pennsylvania Electric Company*,
  840 F.2d 1108 (3d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Hall v. Wal-Mart Stores, Inc.*,
  2006 U.S. Dist. LEXIS 22157 (W.D. Va. 2006) . . . . . . . . . . . . . . . . . . . . 6

*Hill v. Tangherlini*,
  724 F.3d 965 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 42

*Holland v. Washington Homes, Inc.*,
  487 F.3d 208 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

iii

*Hope v. Pelzer*,
    536 U. S. 730 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Howard v. Allen University, et al.*,
    2014 U.S. Dist.  LEXIS 2019 (D.S.C. 2014) . . . . . . . . . . . . . . . . . . . . . 20

*Jaramillo v. Colorado Judicial Dept.*,
    427 F. 3d 1303 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 42

*Lawrence v. National Westminster Bank*,
    *Lawrence v. National Westminster Bank*,
    98 F.3d 61 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Lettieri v. Equant Incorporated*,
    478 F.3d 640 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-21, 23, 27

*Lust v. Sealy, Inc.*,
    383 F.3d 580 (7th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Nat'l Enters., Inc. v. Barnes*,
    201 F.3d 331 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*Poller v. Columbia Broad. Sys., Inc.*,
    368 U.S. 464 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Russell v. Acme-Evans*,
    51 F.3d 64 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Saucier v. Katz*,
    533 U. S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Shockley v. City of Newport News*,
    997 F.2d 18 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

*Sklaver v. Casso-Solar Corporation*,
    2004 U.S. Dist. LEXIS 24934 (S.D.N.Y 2004) . . . . . . . . . . . . . . . . . . . 30

*Stalter v. Wal-Mart Stores, Inc.*,
    195 F.3d 285 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Testerman v. EDS Tech Prods. Corp.*,
    98 F.3d 297 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Thompson v. Potomac Elec. Power Co.*,
    312 F.3d 645 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Tolan v. Cotton*,
    572 U.S. – , 88 L.Ed. 2d 895 (2014),
    134 S.Ct. 1861 (*per curiam*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 43

*Tomasso v. The Boeing Co.*,
    445 F. 3d 702 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*University of Texas Southwest Medical Center v. Nassar*, U.S. ,
    133 S. Ct. 2517,  L.Ed. 2d (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**STATUTES**

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 2000e-3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 18

42 U.S.C. § 2000e-5(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**RULES**

Fed.R.Civ.P. 56( c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

FRE 801(d)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

FRE 801(d)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Local Rule 28(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

# I. JURISDICTIONAL STATEMENT

The basis for the district court's jurisdiction was Section 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(b). The basis for this Court's jurisdiction is 28 U.S.C. § 1291. This is a timely appeal taken within 30 days of a final order disposing of all remaining claims. The district court entered final judgment on April 7, 2014. Appellant noted her appeal on May 5, 2014. Joint Appendix (JA) 11.

# II. STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

Whether the district court departed from fundamental principles governing motions for summary judgment in the federal district courts in determining that Appellant failed to establish the causation element of a *prima facie* case of retaliation, and in determining that Appellant failed to establish the pretextual nature of alleged legitimate, non-retaliatory reasons for terminating her employment.

# III.  STATEMENT OF THE CASE[1]

Appellant Susan Engler (Engler) appeals from a summary judgment entered by the U.S. District Court for the District of Maryland (Russell, J.) in favor of Appellee Harris Corporation (Harris) on a claim of retaliatory termination brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–3(a). (Title VII).[2]  Memorandum Opinion (April 7, 2014).  (Memorandum Opinion).  Joint Appendix (JA) 35.

Harris is a defense contractor headquartered in Rochester, New York. Harris' RF Communications Division (RFCD) maintains an office in Columbia, Maryland.

---

[1]  Local Rule 28(f) requires that "[t]he statement of the case ... must include a narrative statement of all of the facts necessary for the Court to reach the conclusion which the brief desires with references to the specific pages in the appendix that support each of the facts stated."  In order to show the facts indeed warrant "the conclusion which the brief desires" the Statement of the Case here also includes references to several applicable legal principles among those warranting reversal.

[2]  The district court earlier dismissed hostile environment (sex) and age discrimination claims, JA 4 (Docket No. 30 and 31), and also granted summary judgment on a sex discrimination claim deriving from the termination of Appellant's employment.  JA 11 (Docket No. 115).  These claims are not subjects of this appeal.

*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*

*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*

*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*

██████████████████████████████████████

████████████████████████

The district court invoked *Russell v. Acme-Evans*, 51 F.3d 64 (7th Cir. 1995) for the proposition that "a [discrimination] plaintiff cannot avoid summary judgement if at least one reason for the employee's termination stands unquestioned." Memorandum Opinion at 17. JA 51.

However, the court failed to note that the Seventh Circuit in *Russell* also described several situations in which evidence rebutting only one (or some) of an employer's proffered reasons may be sufficient to support a finding of discrimination: "[T]here may be cases in which the multiple grounds offered by the defendant for the adverse action of which the plaintiff complains are so intertwined, or the pretextual character of one of them is so fishy and suspicious, that the plaintiff could survive summary judgment." *Id.* at 70.

Some courts have indeed imposed an inflexible requirement that a discrimination plaintiff rebut each and every alleged "legitimate, non-discriminatory reason" proffered by an employer in order to survive summary judgment and have the claims decided by a jury. *See,* e.g., *Chapman v. A1 Transport,* 229 F. 3d 1012, 1037 (11th Cir. 2000) (*en banc*).

However, this Circuit has never taken such an approach, and the weight of authority – and the better reasoning – lies with decisions holding that "the employee need not always offer evidence sufficient to discredit all of the rationales advanced by the employer ...", *Tomasso v. The Boeing Co.,* 445 F. 3d 702, 707 (3d Cir. 2006), because "the rejection of some explanations may so undermine the employer's credibility as to enable a rational factfinder to disbelieve the remaining rationales, even where the employee fails to produce evidence particular to those rationales." *Id. See also Jaramillo v. Colorado Judicial Dept.,* 427 F. 3d 1303, 1311 (10th Cir. 2005) (rebutting each explanation unnecessary where "the pretextual character of one explanation is so fishy and suspicious, ... that a jury could find that the employer (or its decisionmaker) lacks all credibility." (internal quotations, citation omitted)). *Id.* at 1311.

The Summary of Argument follows. We then address the factual issues and applicable legal principles at greater length, and conclude by requesting that this Court reverse the decision of the district court and remand the case for trial on Engler's claim of retaliation.

13

*Confidential Material Redacted*

## IV.  SUMMARY OF ARGUMENT

The district court departed from fundamental evidentiary principles in entering summary judgment on Engler's claim of retaliation:  It ignored important evidence of "recurring retaliatory animus" – an applicable standard of the requisite causation element of a *prima facie* case – and considered a host of genuine factual issues bearing on causation in the light most favorable to Harris.

14

## V.  ARGUMENT

## A.  STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment *de novo*, viewing the material factual issues, and inferences to be drawn from them, in the light most favorable to the nonmoving party.  *See EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005); *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011).

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56( c); *see Celotex Corp. v. Catrett*, 477 U.S.317, 322 (1986).

The Supreme Court recently took the rare step of reversing a decision of the United States Court of Appeals for the Fifth Circuit upholding a summary judgment granted on qualified immunity grounds in a police misconduct case. *Tolan v. Cotton*, 572 U.S. – , 88 L.Ed. 2d 895 (2014), 134 S.Ct. 1861 (*per curiam*).

The Court in *Tolan* reiterated and emphasized the fundamental principles governing determinations on summary judgment in the federal district courts:

15

[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment. See *Brosseau* v. *Haugen*, 543 U. S. 194, 195, n. 2, 125 S.Ct. 596, 160 L.Ed. 2d (2004) (*per curiam*); *Saucier*, *supra*, at 201 [*Saucier v. Katz*, 533 U. S. 194, 201 (2001)]; *Hope*, *supra*, at 733, n. 1 [*Hope v. Pelzer*, 536 U. S. 730, 733 (2002)]. This is not a rule specific to qualified immunity; it is simply an application of the more general rule that a "judge's function" at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U. S., at 249. Summary judgment is appropriate only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(a). In making that determination, a court must view the evidence "in the light most favorable to the opposing party." *Adickes* v. *S.H. Kress & Co.*, 398 U. S. 144, 157 (1970); *see also Anderson*, *supra*, at 255.

*Id.,* 134 S.Ct. at 1866.

The non-moving party is plainly entitled to the benefit of all reasonable inferences, including favorable inferences as to any credibility determinations. *Stalter v. Wal-Mart Stores, Inc.*, 195 F.3d 285 (7th Cir. 1999); *Lust v. Sealy, Inc.*, 383 F.3d 580, 582-83 (7th Cir. 2004) ("There is no presumption that witnesses are truthful."). *See also*, *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 473 (1962) ("It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised. Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of 'even handed justice.'").

16

*Confidential Material Redacted*

We proceed to demonstrate in greater detail that the evidence before the district court indeed showed the existence of a host of genuine issues of material fact giving rise to a triable claim as to whether "the ... retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer," *University of Texas Southwest Medical Center v. Nassar*, U.S. , 133 S. Ct. 2517, 2533, L.Ed. 2d (2013); and therefore whether "protected activity was a but-for cause of the ... adverse action by the employer." *Id.* at 2534.

## B.  GENUINE ISSUES OF MATERIAL FACT SHOULD HAVE PRECLUDED SUMMARY JUDGMENT ON THE RETALIATION CLAIM

Title VII makes it "an unlawful employment practice for an employer to discriminate against any of his employees ... because [s]he has opposed any ... unlawful employment practice ...." 42 U.S.C. § 2000e-3(a).

In the absence of direct evidence of retaliatory motive[4], courts "evaluate [retaliation] claim[s] under the *McDonnell Douglas* burden shifting framework." *Lettieri v. Equant Incorporated*, 478 F.3d 640, 649-50 (4th Cir. 2007) (citing *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650 (4th Cir. 2002)).

Judge Michael in *Lettieri* described the "*McDonnell Douglas* burden shifting framework" in the context of claimed sex discrimination.  *Id.* at 646. The following general framework is equally applicable to claims of retaliation:

> At the first step the plaintiff has the burden to establish a prima facie case....  If the plaintiff establishes her prima facie case, the burden shifts to the employer at the second step to "articulate a legitimate, nondiscriminatory reason for the adverse employment action." ... At the third step the burden shifts to the plaintiff to show that "the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." ... Specifically, the plaintiff must "prove by a preponderance of the

---

[4]  Engler argued unsuccessfully below that statements by management officials made during her employment at Harris constituted direct evidence of discriminatory motive.   Memorandum Opinion at 6-7.  JA 40-41. She does not renew the argument here.

evidence that the legitimate reasons offered by the [employer] were not its true reasons, but were a pretext for discrimination."... At this step "the burden to demonstrate pretext 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.'" ... (citations omitted).

*Ibid.*

The elements of a *prima facie* case of retaliation are well–established: A plaintiff must show "(1) that [s]he engaged in a protected activity; (2) ... [the employer] acted adversely against [her]; and (3) the protected activity was causally connected to the adverse action." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007).

In *Lettieri,* Judge Michael also explained that, in order to establish the final "causation" element of the *prima facie* case, the plaintiff need not show close "temporal proximity" between the protected activity and the adverse employment action:

> In cases where "temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus." ... Specifically, evidence of recurring retaliatory animus during the intervening period can be sufficient to satisfy the element of causation....  In this case Lettieri does not rely on temporal proximity; rather, to establish causation she points to continuing retaliatory conduct and animus directed at her ... in the seven-month period between her complaint and her termination. (citations omitted).

19

*Id.* at 650.[5]

The evidence found sufficient in *Lettieri* to establish the "recurring retaliatory animus" standard of causation for purposes of defeating summary judgment included the following:

> After Lettieri lodged her complaint ... Taylor stripped Lettieri of significant job responsibilities. He reduced her supervisory responsibilities over the sales team and took away her authority to set prices and meet directly with ... clients. These steps made it easier to take the position later than Lettieri was not needed and should be terminated.

*Id.* at 650-51.

The district court here found it "undisputed that Engler engaged in protected activity by complaining about disparate treatment of women in the Columbia office, and that Harris acted adversely against her by terminating her employment." Memorandum Opinion at 20. JA 54.

The district court also invoked the requisite showing on causation where close temporal proximity between protected activity and adverse action is missing:

---

[5] The court in *Howard v. Allen University, et al.,* 2014 U.S. Dist. LEXIS 2019 (D.S.C. 2014) applied the "recurring retaliatory animus" standard of causation in denying summary judgment. I*d.* at *13–*14. It also explained that "[t]o hold otherwise would allow an employer to persecute for a substantial period of time an employee who engages in protected activity, and ultimately take an adverse action against that employee with impunity by claiming lack of temporal proximity." *Ibid.*

20

**Confidential Material Redacted**

"evidence of recurring retaliatory animus during the intervening period ...."

Memorandum Opinion at 19 (quoting *Lettieri*, *supra* at 650).  JA 53.

However, the district court erroneously proceeded to hold the evidence of

"recurring retaliatory animus" against Engler insufficient as a matter of law to

establish the final "causation" element of the *prima facie* case.



*Confidential Material Redacted*



22

**Confidential Material Redacted**



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



The district court also considered the sufficiency of the evidence bearing on

pretext with respect to the retaliation claim, concluding as follows:

> Even assuming arguendo Engler could establish a prima facie case of
> retaliation, the point becomes moot because she cannot sufficiently
> demonstrate pretext for the same reasons she could not make that
> showing with respect to her gender discrimination claim. She
> presented no evidence that Harris fired her in retaliation as opposed to
> the elimination of her position as dictated by Harris's business needs,
> coupled with her declining performance in the months immediately
> preceding the RIF. Accordingly, the Court will grant summary
> judgment in favor of Harris with respect to Engler's retaliation claim.
> (emphasis added).

Memorandum Opinion at 27-28.  JA 61-62.

The district court thus considered the alleged legitimate non-retaliatory

reasons for including Engler in the reduction in force – described above as "Harris'

27

*Confidential Material Redacted*

business needs, coupled with her declining performance in the months immediately

preceding the RIF" – in the light most favorable to Harris, without regard to

virtually any of the evidence from Engler bearing on the pretextual nature of both

explanations.



*But see Lawrence v. National Westminster Bank*, 98 F.3d 61, 67 (reversing a

summary judgment entered in part based on an "after-the-fact justification for the

discriminatory employment decision.... [allegedly] written at the direction of [the]

Bank's human resources office once the termination decision was made.").

*See also Gunby v. Pennsylvania Electric Company*, 840 F.2d 1108 (3d Cir.

1988), where an employer appealed from a jury verdict for a race discrimination

plaintiff on a non-promotion claim in part on the ground an unfavorable evaluation

showed lack of the requisite qualifications for the job as a matter of law.  The

Third Circuit rejected the argument as follows:

> Because the only "black mark" on Gunby's employment record is the
> October 1982 performance evaluation, a threshold issue is whether the
> jury could conclude that the performance evaluation was a sham. The
> October 1982 evaluation found Gunby unfit for a management
> position because he allegedly failed to perform certain unspecified
> assignments, and obviously that evaluation, if credited, would
> strongly support Penelectric's position.
>
> However, this performance evaluation was prepared by Penelectric a
> month after Gunby had expressed his displeasure with the fact that ....
> a white male employee from the accounting department, had been
> given a personnel job for which Gunby was qualified and had
> expressed a desire to be considered, but for which he was denied an
> interview.... Against the background of nine years of excellent
> performance and regular promotions, we believe that the jury could
> have concluded that Penelectric had a motive in October 1982, to
> evaluate Gunby's performance unfairly in order to justify the fact that
> it had appointed a white accountant with little prior experience in
> personnel administration and EEO/AA to a responsible management
> position in personnel for which Gunby was particularly qualified.

*Id.* at 1117.

In *Sklaver v. Casso-Solar Corporation*, 2004 U.S. Dist. LEXIS 24934 (S.D.N.Y 2004) the age discrimination plaintiff argued that allegedly performance based grounds for termination were pretextual in nature, based on "the strength of his employment record and the three excellent performance reviews prior to his termination ...." *Id.* at *25. The district court noted the following general principles in evaluating performance–based adverse actions on summary judgment:

> When a defendant claims that it took adverse action against plaintiff because of poor job performance, evidence of previously good job performance may be used to show that the claimed non-discriminatory reason is pretextual.... Moreover, where there is a "basis for comparison" between evaluations, "a sudden decline in performance could reasonably support an inference that the later evaluation was a sham." *Testerman v. EDS Tech Prods. Corp.*, 98 F.3d 297, 305 (7th Cir. 1996). This particularly so when the employee only learns of the negative performance review after his termination, which a "reasonable jury could conclude ... constitute[s] a post-hoc attempt to justify the decision.".... (citations and footnote omitted).

*Id.* at *25-*26.

The court in *Sklaver* denied summary judgment to the employer, concluding in relevant part that "[t]he only categorically negative review was written four days before plaintiff was terminated, and he was not informed of it until discovery following commencement of this litigation.... Accordingly, we conclude that plaintiff's history of good performance provides some evidence that defendant's proffered explanation for his termination is pretextual." *Id.* at *27.

30

*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



*Confidential Material Redacted*



The district court was required to accept each of these contentions as true and consider them in the light most favorable to her. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L.Ed. 202, 106 .Ct. 2505 (1986) *("*Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge .... The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor.... (citation omitted).

Yet the district court rejected Engler's sworn contentions in each and every particular, on the ground that "Engler may not ... withstand summary judgment by offering a conclusory, self-serving affidavit that is without corroboration." *See Nat'l Enters., Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000) ("[S]elf-serving affidavit[s are] not enough to defeat [Defendant's] motion for summary judgment.").[6]  Memorandum Opinion at 17, n.1.  JA 51.

---

[6]  In *Nat'l Enters., Inc. v. Barnes*, the court upheld a decision discounting an affidavit from a non-moving party on summary judgment offered to prove the terms of a contract the party was unable to produce.  *Id.* at 335.

Although courts have at times indeed disregarded as "sham affidavits" those affidavits which contradict prior sworn statements, *see, e.g., Shockley v. City of Newport News*, 997 F.2d 18, 23 (4th Cir. 1993), Engler's affidavit did not contradict any prior statement.

As also shown in the Statement of the Case, in disregarding Engler's affidavit as "self-serving", the district court failed to appreciate that "[d]eposition testimony, affidavits, responses to interrogatories, and other written statements by their nature are self-serving.... As we have repeatedly emphasized over the past decade, the term 'selfserving' must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment.... (citations, footnote omitted). *Hill v. Tangherlini*, *supra* at 967.

The district court clearly erred in rejecting the detailed and compelling rebuttal evidence appearing in Engler's affidavit as "self-serving", just as it erred in ignoring a host of other evidence favorable to Engler, and otherwise considering genuine issues of material fact bearing on pretext in the light most favorable to Harris[7].

---

[7] As explained in the Statement of the Case, *supra* at 11-12,the district court also erred in holding a Title VII plaintiff bound to rebut each and every reason proffered by an employer for an adverse employment decision. It is unnecessary to do so where "the pretextual character of one explanation is so fishy and suspicious, ... that a jury could find that the employer (or its decisionmaker) lacks all credibility." (internal quotations, citation omitted)). *Jaramillo v. Colorado Judicial Dept., supra,* 427 F. 3d at 1311.

## VI.  CONCLUSION

The record of the proceedings on Harris' motion for summary judgment shows numerous unmistakable and fundamental departures from the requirements of Rule 56 of the Federal Rules of Civil Procedure.  The district court simply lost sight of the "general rule that a 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  *Tolan v. Cotton, supra*, 134 S.Ct. at 1866 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249).

Appellant Susan Engler therefore requests that this Court reverse the decision of the district court granting summary judgment on her claim of retaliatory termination in violation of Title VII, and remand the case for trial.

### REQUEST FOR ORAL ARGUMENT

Appellant believes that the Court would benefit from oral argument on these issues and respectfully request that oral argument be scheduled for this appeal.

August 22, 2014                                    Respectfully submitted,

                                                             KLIMASKI & ASSOCIATES, P.C.

                                                              /s/  James R. Klimaski
                                                             James R. Klimaski (Md. Federal #02813)
                                                             John P. Racin (Md. Federal #02688)
                                                             Lynn I. Miller (Md. Federal #05371)
                                                             Klimaski & Associates, P.C.
                                                             1625 Massachusetts Avenue NW, Suite 500

43

Washington, DC  20036-2245
202-296-5600        Fax 202-296-5601
Klimaski@Klimaskilaw.com
Racin@Klimaskilaw.com
Miller@Klimaskilaw.com

*Counsel for Susan Engler*

# STATUTORY ADDENDUM

# TABLE OF CONTENTS

*Page*

28 U.S.C. § 1291 - Final decisions of district courts...............................................1

42 U.S.C. § 2000e-3 - Other unlawful employment practices..................................1

42 U.S.C. § 2000e-5 - Enforcement provisions.......................................................2

Fed.R.Civ.P. 56 – Summary Judgment....................................................................3

Fed. R. Evid. 801 - Definitions That Apply to This Article; Exclusions from Hearsay....................................................................................................................5

Local Rule 28(f). Statement of Case.......................................................................6

**28 U.S.C. § 1291 - Final decisions of district courts**

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292 (c) and (d) and 1295 of this title.

**42 U.S.C. § 2000e-3 - Other unlawful employment practices**

**(a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings**

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

* * *

Add. 1

**42 U.S.C. § 2000e-5 - Enforcement provisions**

 (a) Power of Commission to prevent unlawful employment practices
The Commission is empowered, as hereinafter provided, to prevent any person
from engaging in any unlawful employment practice as set forth in section 2000e–
2 or 2000e–3of this title.


 (b) Charges by persons aggrieved or member of Commission of unlawful
employment practices by employers, etc.; filing; allegations; notice to respondent;
contents of notice; investigation by Commission; contents of charges; prohibition
on disclosure of charges; determination of reasonable cause; conference,
conciliation, and persuasion for elimination of unlawful practices; prohibition on
disclosure of informal endeavors to end unlawful practices; use of evidence in
subsequent proceedings; penalties for disclosure of information; time for
determination of reasonable cause


Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or
by a member of the Commission, alleging that an employer, employment agency,
labor organization, or joint labor-management committee controlling
apprenticeship or other training or retraining, including on-the-job training
programs, has engaged in an unlawful employment practice, the Commission shall
serve a notice of the charge (including the date, place and circumstances of the
alleged unlawful employment practice) on such employer, employment agency,
labor organization, or joint labor-management committee (hereinafter referred to as
the "respondent") within ten days, and shall make an investigation thereof. Charges
shall be in writing under oath or affirmation and shall contain such information and
be in such form as the Commission requires. Charges shall not be made public by
the Commission. If the Commission determines after such investigation that there
is not reasonable cause to believe that the charge is true, it shall dismiss the charge
and promptly notify the person claiming to be aggrieved and the respondent of its
action. In determining whether reasonable cause exists, the Commission shall
accord substantial weight to final findings and orders made by State or local
authorities in proceedings commenced under State or local law pursuant to the
requirements of subsections (c) and (d) of this section. If the Commission
determines after such investigation that there is reasonable cause to believe that the
charge is true, the Commission shall endeavor to eliminate any such alleged
unlawful employment practice by informal methods of conference, conciliation,
and persuasion. Nothing said or done during and as a part of such informal
endeavors may be made public by the Commission, its officers or employees, or

Add. 2

used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both. The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge or, where applicable under subsection (c) or (d) of this section, from the date upon which the Commission is authorized to take action with respect to the charge.

\* \* \*

## Fed.R.Civ.P. 56 – Summary Judgment

   **(a) For claimant.** A party seeking to recover upon a claim, counterclaim or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 21 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move for summary judgment upon all or any part thereof.

   **(b) For defending party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought, may, at any time, move for summary judgment as to all or any part thereof.

   **(c) Motion and proceedings thereon.** The motion, memoranda and affidavits shall be in accordance with Rule 7. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

   **(d) Case not fully adjudicated on motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the

action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of affidavits; further testimony; defense required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Summary judgment, if appropriate, shall be entered against a party failing to file such a response.

**(f) When affidavits are unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits made in bad faith.** If any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party presenting them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

**Fed. R. Evid. 801 - Definitions That Apply to This Article; Exclusions from Hearsay**

\* \* \*

**(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:

   **(1)** *A Declarant-Witness's Prior Statement.* The declarant testifies and is subject to cross-examination about a prior statement, and the statement:

      **(A)** is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;

      **(B)** is consistent with the declarant's testimony and is offered:

         (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

         (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground; or

      **(C)** identifies a person as someone the declarant perceived earlier.

   **(2)** *An Opposing Party's Statement.* The statement is offered against an opposing party and:

      **(A)** was made by the party in an individual or representative capacity;

      **(B)** is one the party manifested that it adopted or believed to be true;

      **(C)** was made by a person whom the party authorized to make a statement on the subject;

      **(D)** was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

      **(E)** was made by the party's coconspirator during and in furtherance of the conspiracy.

The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

* * *

**Local Rule 28(f). Statement of Case.**

The statement of the case required by FRAP 28(a)(6) must include a narrative statement of all of the facts necessary for the Court to reach the conclusion which the brief desires with references to the specific pages in the appendix that support each of the facts stated.

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 14-1444                    Caption: Susan Engler v Harris Corporation

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
28.1(e)(2) or 32(a)(7)(B) because:

> [ x ]    this brief contains 10,193 words, excluding the parts of the brief
> exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

> [  ]    this brief uses a monospaced typeface and contains            lines
> of text, excluding the parts of the brief exempted by Fed. R. App. P.
> 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> [ x ]    this brief has been prepared in a proportionally spaced typeface using
> Word Perfect 11  in 14 point Times New Roman font; *or*

> [  ]    this brief has been prepared in a monospaced typeface using
> _____ characters per inch _____ font

August 22, 2014                    /s/  James R. Klimaski
                                   James R. Klimaski
                                   Counsel for Appellant

# United States Court of Appeals
## for the Fourth Circuit

*Susan Engler v. Harris Corporation*, No. 14-1444

### CERTIFICATE OF SERVICE

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by KLIMASKI & ASSOCIATES, P.C, Attorneys for Appellant to print this document.  I am an employee of Counsel Press.

On **August 22, 2014**, Counsel for Appellant has authorized me to electronically file the foregoing **BRIEF FOR APPELLANT (Sealed and Public Versions)** with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Lynn E. Calkins
> HOLLAND & KNIGHT, LLP
> 800 17th Street, N.W.
> Suite 1100
> Washington, DC 20006-3202
> (202) 452-7041 Telephone
> (202) 955-5564 Facsimile
> Lynn.Calkins@hklaw.com
> *Counsel for Appellee*
> *Harris Corporation*

Additional 2 paper copies will be mailed to the above counsel on this date.

Unless otherwise noted, 4 sealed paper copies and 8 public paper copies have been filed with the Court on the same date via U.S. Express Mail.

August 22, 2014

/s/ Robyn Cocho
Robyn Cocho
Counsel Press