No. 14-1444

## In The United States Court of Appeals
## For The Fourth Circuit

**SUSAN ENGLER,**
***Plaintiff-Appellant,***

*and*

**JACQUELINE HAMRICK; ANTOANNA ROMANIUK,**
***Plaintiffs,***

*v.*

**HARRIS CORPORATION,**
***Defendant-Appellee,***

*and*

**HARRIS RF COMMUNICATIONS DIVISION (HARRIS RFCD)**
***Defendant.***

On Appeal From The United States District Court
For The District Of Maryland (George L. Russell, III)

## PUBLIC BRIEF OF APPELLEE

Lynn E. Calkins
Holland & Knight, LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
E-mail: lynn.calkins@hklaw.com

October 22, 2014          *Counsel for Appellee Harris Corporation*

# In The United States Court of Appeals For The Fourth Circuit

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND OTHER INTERESTS

**SUSAN ENGLER,**
***Plaintiff-Appellant,***

*v.*

**HARRIS CORPORATION,**
***Defendant-Appellee***

No. 14-1444

Pursuant to FRAP 26.1 and Local Rule 26.1, Harris Corporation who is the Appellee makes the following disclosure:

1. Is party/amicus a publicly held corporation or other publicly held entity?

[X] YES [ ] NO

2. Does party/amicus have any parent corporations?

[ ] YES [X] NO

If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?

[ ] YES [X] NO

If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?

[ ] YES [X] NO

If yes, identify entity and nature of interest:

5. Is party a trade association?

[ ] YES [X] NO

If yes, identify all members of the association, their parent corporations, and any publicly held companies that own 10% or more of a member's stock:

6. If case arises out of a bankruptcy proceeding, identify any trustee and the members of any creditor's committee:   Not applicable.

Respectfully submitted,

HOLLAND & KNIGHT LLP

__/s/  Lynn E. Calkins_____
Lynn E. Calkins
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
E-mail:  lynn.calkins@hklaw.com

*Counsel for Appellee Harris Corporation*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS .................................................................................i

TABLE OF AUTHORITIES ................................................................... iii

I.    STATEMENT OF THE ISSUES PRESENTED FOR REVIEW .............1

II.   STATEMENT OF THE CASE ......................................................................1

III.  SUMMARY OF ARGUMENT.................................................................13

IV.   ARGUMENT.................................................................................................15

A.  Standard of Review ........................................................................15

B.  The District Court Properly Granted Summary Judgment In Harris'
    Favor. ................................................................................................16

    1.  *The District Court Should Not Have Given Greater Credit To
        Engler's Uncorroborated Statements.*................................16

    2.  *The District Court Was Not Required To Make Every Inference in
        Engler's Favor.*......................................................................22

    3.  *Engler Is Unable To Demonstrate The But-For Causation
        Required To Meet Her Prima Facie Case*...........................26

        a.  Engler's perception that her supervisor became distant in August
            2008 fails to substantiate her claim.................................27

        b.  The alleged ██████████████ does not exist. .................31

        c.  Engler's interpretation of a dinner conversation is insufficient to
            substantiate her claim.....................................................35

        d.  When viewed collectively, the three instances fail to support the
            recurring retaliatory animus necessary for Engler to meet her
            burden...............................................................................36

    4.  *Harris Has Met Its Burden Of Proffering A Legitimate,
        Nonretaliatory Reason For Engler's Inclusion In The RIF.* ..............41

5.   *Engler Failed To Meet Her Burden Of Proffering Any Evidence That Harris' Legitimate, Nonretaliatory Reason Is Pretextual.* .........47

**V.    CONCLUSION** ................................................................57

**VI.    REQUEST FOR ORAL ARGUMENT** ......................................58

**CERTIFICATE OF SERVICE** ................................................ 59

**CERTIFICATE OF COMPLIANCE** ............................................. 60

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Abcor Corp. v. AM Int'l, Inc.*,
    916 F.2d 924 (4th Cir. 1990) .......................................................... 15

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................ 15, 16

*Barwick v. Celotex Corp.*,
    736 F.2d 946 (4th Cir. 1984) .......................................................... 18

*Beale v. Hardy*,
    769 F.2d 213 (4th Cir. 1985) .......................................................... 24

*Bell v. Shinseki*,
    No. 3-1890, 2014 WL 4555250 (4th Cir. Sept. 16, 2014) ................ 39

*Belyakov v. Leavitt*,
    308 F. App'x 720 (4th Cir. 2009) .................................................... 36

*Birkbeck v. Marvel Lighting Corp.*,
    30 F.3d 507 (4th Cir. 1994) ............................................................ 50

*Bryant v. Bell Atl. Md., Inc.*,
    288 F.3d 124 (4th Cir. 2002) .......................................................... 18

*Chaib v. Indiana*,
    744 F.3d 974 (7th Cir. 2014) .......................................................... 37

*Conkwright v. Westinghouse Electric*,
    933 F. 2d 231 (4th Cir. 1991) ......................................................... 55

*Cung Hnin v. TOA (USA), LLC*,
    751 F.3d 499 (7th Cir. 2014) .......................................................... 37

*Dash v. Mayweather*,
    731 F.3d 303 (4th Cir. 2013) ..................................................... 23, 24

*DeJarnette v. Corning, Inc.,*
    133 F.3d 293 (4th Cir. 1998) ........................................................... 48

*E.E.O.C. v. Clay Printing Co.,*
    955 F.2d 936 (4th Cir. 1992) ......................................................... 17

*Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,*
    53 F.3d 55 (4th Cir. 1995) ............................................................. 24

*Evans v. Technologies Applications & Serv. Co.,*
    80 F.3d 954 (4th Cir. 1996) ..................................................... 17, 33

*Ford Motor Co. v. McDavid,*
    259 F.2d 261 (4th Cir. 1958) ......................................................... 23

*Gibson v. Old Town Trolley Tours of Washington, D.C., Inc.,*
    160 F.3d 177 (4th Cir. 1998) ......................................................... 24

*Goodsite v. Norfolk S. Ry. Co.,*
    573 F. App'x 572 (6th Cir. 2014) .................................................. 37

*Gower v. U.S. Fidelity and Guar Co.,*
    56 F.3d 61 (4th Cir. 1995) ............................................................. 50

*Guinness PLC v. Ward,*
    955 F.2d 875 (4th Cir. 1992) ......................................................... 18

*Gunby v. Pennsylvania Elec. Co.,*
    840 F.2d 1108 (3rd Cir. 1988) ....................................................... 54

*Harris v. Mayor & City Council of Baltimore,*
    429 F. App'x 195 (4th Cir. 2011) .................................................. 21

*Henson v. Liggett Group, Inc.,*
    61 F.3d 270 (4th Cir. 1995) ........................................................... 52

*Hill v. Lockheed Martin Logistics Mgmt., Inc.,*
    354 F.3d 277 (4th Cir. 2004) ......................................................... 36

*Hill v. Spiegel, Inc.*,
    708 F.2d 233 (6th Cir. 1983) ........................................................... 33

*Hill v. Tangherlini*,
    724 F.3d 965 (7th Cir. 2013) .......................................................... 21

*Holland v. Washington Homes, Inc.*,
    487 F.3d 208 (4th Cir. 2007) .......................................................... 42

*Hooven–Lewis v. Caldera*,
    249 F.3d 259 (4th Cir. 2001) .......................................................... 28

*Jiggets ex rel. S.J. v. Long*,
    510 F. App'x 278 (4th Cir. 2013) ................................................... 21

*Johnson v. Wheeling-Pittsburgh Steel Corp.*,
    279 F. App'x 200 (4th Cir. 2008) ................................................... 26

*King v. Rumsfeld*,
    328 F.3d 145 (4th Cir. 2003) .......................................................... 56

*Lawrence v. National Westminster Bank*,
    98 F.3d 61 (3rd Cir. 1996) .............................................................. 57

*Lettieri v. Equant Inc.*,
    478 F.3d 640 (4th Cir. 2007) .................................................... *passim*

*Love-Lane v. Martin*,
    355 F.3d 766, 789 (4th Cir. 2004) ................................................. 57

*Mallory v. Booth Refrigeration Supply Co., Inc.*,
    882 F.2d 908 (4th Cir. 1989) .......................................................... 56

*McDonnell-Douglas v. Green*,
    411 U.S. 792 (1973) ................................................................ *passim*

*McMillian v. Svetanoff*,
    878 F.2d 186 (7th Cir. 1989) .......................................................... 29

*Mereish v. Walker*,
359 F.3d 330 (4th Cir. 2004) ........................................................... 50

*Merritt v. Old Dominion Freight Line, Inc.*,
601 F.3d 289 (4th Cir. 2010) ........................................................... 41

*Moore v. Mukasey*,
305 F. App'x 111 (4th Cir. 2008) .................................................... 42

*Nat'l Enters., Inc. v. Barnes*,
201 F.3d 331 (4th Cir. 2000) ........................................... 18, 19, 32

*Pascual v. Lowe's Home Centers, Inc.*,
193 F. App'x 229 (4th Cir. 2006) .................................................... 28

*PBM Prods., LLC v. Mead Johnson & Co.*,
639 F.3d 111 (4th Cir. 2011) ........................................................... 15

*Perry v. Kappos*,
489 F. App'x 637 (4th Cir. 2012) ............................................... 29, 35

*Precision Piping & Instruments, Inc. v. E.I. du Pont de Nemours & Co.*,
951 F.2d 613 (4th Cir. 1991) ........................................................... 33

*Price v. Thompson*,
380 F.3d 209 (4th Cir. 2004) ................................................. 24, 25, 51

*Quinones v. Buick*,
436 F.3d 284 (1st Cir. 2006) ........................................................... 29

*Reeves v. Sanderson Plumbing Products, Inc.*,
530 U.S. 133 (2000) ......................................................................... 25

*Rohrbough v. Wyeth Labs., Inc.*,
916 F.2d 970 (4th Cir. 1990) ........................................................... 20

*Ross v. Commc'ns Satellite Corp.*,
759 F.2d 355 (4th Cir. 1985) .......................................................... 19

*Rowe v. Marley Co.*,
    233 F.3d 825 (4th Cir. 2000) ........................................................48, 50, 53

*Russell v. Acme-Evans Co.*,
    51 F.3d 64 (7th Cir. 1995) ...............................................................48, 55

*Shields v. Federal Express Corp.*,
    120 F. App'x 956 (4th Cir. 2005) ....................................................28

*Sklaver v. Casso-Solar Corp.*,
    No. 02-CV-9928 (WCC), 2004 WL 1381264
    (S.D.N.Y. May 15, 2004) ................................................................55

*Smith v. First Union Nat. Bank*,
    202 F.3d 234 (4th Cir. 2000) ..........................................................47

*St. Mary's Honor Ctr. v. Hicks*,
    509 U.S. 502 (1993).........................................................................26, 42

*Staley v. Gruenberg*,
    No. 13–1875, 2014 WL 2535403 (4th Cir. Jun. 6, 2014) ...............25, 30, 38

*Sylvia Dev. Corp. v. Calvert County*,
    48 F.3d 810 (4th Cir. 1995).............................................................24

*Takele v. Mayo Clinic*,
    576 F.3d 834 (8th Cir. 2009) ..........................................................29

*Thompson v. Potomac Elec. Power Co.*,
    312 F.3d 645 (4th Cir. 2002) ..........................................................15

*Univ. of Tx. Sw. Med. Ctr. v. Nassar*,
    __U.S.__, 133 S.Ct. 2517 (2013) ....................................................*passim*

*Williams v. Cerberonics, Inc.*,
    871 F.2d 452 (4th Cir. 1989) ..........................................................47, 49, 57

## **Rules**

Fed. R. Civ. P. 56 ...................................................................*passim*

Fed. R. Evid. 801 ................................................................ 33

## I.    STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Did the District Court properly grant summary judgment where (1) Appellant relied exclusively on her uncorroborated statements and a multitude of speculative inferences for her *prima facie* case on whether retaliation was the but-for cause for her inclusion in a reduction-in-force, (2) Appellee presented undisputed, admissible evidence of its legitimate, nonretaliatory reason, and (3) Appellant cited only more speculative inferences for the conclusion that Appellee's reason was pretextual.

## II.    STATEMENT OF THE CASE

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

---

[1] All references to J.A. are to the Joint Appendix filed on August 22, 2014.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[2] When multiple J.A. cites are listed for one sentence, the designation of J.A. is only listed for the first entry in the series.

[3] ██████████████████████████████████████████
████████████









███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███ [7]

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[7] ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

9



12



## III.    SUMMARY OF ARGUMENT

Engler raises two contentions on appeal.  First, she claims that her uncorroborated affidavit should be given full weight with all inferences made in her favor despite the affidavit's numerous legal infirmities and the substantial record of admissible evidence to the contrary.  Second, Engler asserts that the multiple requested inferences of purported retaliatory animus are adequate to

13

demonstrate sufficient evidence of but-for causation and pretext to offset the legitimate nonretaliatory reason established by Harris. Engler is wrong on both fronts.

Engler failed to meet her basic evidentiary obligations. In order to defeat a dispositive motion, the nonmoving party is required to present admissible evidence sufficient to create a material issue in dispute. A district court is to grant summary judgment when the nonmoving party relies exclusively on uncorroborated statements or a mountain of inferences. Engler's affidavit, speculation, and beliefs are insufficient to permit this case to proceed to trial.

Despite the numerous problems with Engler's proof, the District Court, nevertheless, gave Engler the benefit of her statements and credited them to the extent possible. Factoring in her assertions, the District Court properly found that Engler is not able to meet her burden on the requisite elements of causation and pretext whereas Harris presented substantial admissible evidence of a legitimate nonretaliatory reason for her inclusion in the June 2009 RIF.

Even with the recasting of her arguments and the dramatic narrowing of her factual assertions, Engler's arguments on appeal are unavailing. The District Court properly granted judgment in Harris' favor, and that decision should be affirmed.

14

## IV.    ARGUMENT

### A.    Standard of Review

A grant of summary judgment is reviewed *de novo* on appeal.  *PBM Prods., LLC v. Mead Johnson & Co.,* 639 F.3d 111, 119 (4th Cir. 2011).   Summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits made on personal knowledge and supported by admissible evidence, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a)-(c).

Summary judgment is warranted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48.  The nonmoving party must produce "significantly probative" evidence from which a reasonable jury could return a verdict in her favor. *Abcor Corp. v. AM Int'l, Inc.,* 916 F.2d 924, 930 (4th Cir. 1990).  "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." *Thompson v. Potomac Elec. Power Co.,* 312 F.3d 645, 649 (4th Cir. 2002).

At its core, the relevant inquiry is "whether the evidence presents a sufficient

15

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby, Inc.,* 477 U.S. at 251–52.

**B.    The District Court Properly Granted Summary Judgment In Harris' Favor.**

When this case was initially filed, Engler included four separate causes of action for employment discrimination and retaliation and cited a multitude of workplace events for which Engler contended Harris was liable.  On appeal, only one cause of action is left – Engler's claim of retaliation.  From the nine purported pieces of direct evidence originally cited as support for her retaliation claim, Engler abandons all but three on appeal, and now concedes that none constitute direct evidence.  A review of these instances, even when viewed in the correct legal framework, does not change the result.  Engler's assertions remain supported solely by her uncorroborated, legally deficient statements and a host of speculative inferences, and the collective instances about which Engler complains do not demonstrate retaliation.  The District Court properly terminated this action at the summary judgment phase, and the order granting summary judgment in Harris' favor should be affirmed.

**1.    *The District Court Should Not Have Given Greater Credit To Engler's Uncorroborated Statements.***

Engler's principle argument is that the District Court "departed from the fundamental principles governing motions for summary judgment" by not taking as

16

true the assertions and statements she submitted in support of her Opposition. (Br. 41-42; J.A. A1108-A1132).[9] Of particular concern to Engler is the District Court's footnote that Engler could not "withstand summary judgment by offering a conclusory, self-serving affidavit that is without corroboration."[10] (J.A. A51). By incorrectly focusing on the fact that affidavits are by nature "self-serving," Engler ignores the multiple flaws with her proof.[11] Neither the Federal Rules of Civil Procedure, nor the well-established law of this Circuit, allow unsupported assertions to defeat summary judgment.

An affidavit must contain admissible evidence and be based on personal knowledge. An affidavit that is conclusory or based on hearsay, speculation, or opinion will not defeat summary judgment. Fed. R. Civ. P. 56(c)(4); *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996)*; E.E.O.C.*

---

[9] All references to Br. are to the Sealed Brief for Appellant filed on April 22, 2014.

[10] In support of her Opposition, Engler submitted a document titled "Affidavit of Susan Engler." (J.A. A1108-A1132). Although the document is not notarized and thus is a declaration, for the sake of clarity, Harris will also refer to it as an affidavit.

[11] Engler made nearly identical statements to those in her affidavit in the Statement of Material Facts In Dispute submitted in opposition to summary judgment which in some portions cite to her own interrogatory responses and her own deposition testimony. (J.A. A786-A792; *see* Br. 21-22; 24-25). The statements Engler proffers in an attempt to establish her *prima facie* case, regardless of the title of the document, suffer the same infirmities—they are not based on personal knowledge and are not supported by admissible evidence. (*See infra* 16-18; *see supra* 19-26; 31-34).

17

*v. Clay Printing Co.*, 955 F.2d 936, 945, n. 9 (4th Cir. 1992); *Guinness PLC v. Ward*, 955 F.2d 875, 901 (4th Cir. 1992).  An affidavit cannot be used to establish the contents of a document that is not in the record.  *Nat'l Enters., Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000).  Moreover, an affidavit cannot be used to alter deposition testimony.  *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984).  Although much of Engler's affidavit is irrelevant to the limited remaining issues presented on appeal, her 25-page, 119-paragraph affidavit fails to meet these requirements.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████[12] Engler's subjective beliefs proffered in her own statements without admissible evidence in support are insufficient to create a genuine issue of material fact as to retaliatory animus.  *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 134-35 (4th Cir. 2002) (rejecting affiants statements as to their belief that defendant's actions demonstrated discrimination of minority employees).  Simply put, Engler's "[u]nsupported

---

[12] ███████████████████████████████████████████

███████████████████████████████████████

allegations as to motive do not confer talismanic immunity from Rule 56." *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) (affirming summary judgment for employer where only evidence of discriminatory animus was contained in affidavits proffered by plaintiff), *overruled on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).



and this Court has rejected such attempts to use affidavits to establish the content of a document not in evidence. *Nat'l Enters., Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000).

Engler further attempts to use her affidavit to alter her deposition testimony.



███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████  *See Rohrbough v. Wyeth Labs., Inc.,* 916

F.2d 970, 976 (4th Cir. 1990) (refusing to allow witness to modify the testimony to

be more favorable with a *post hoc* affidavit).

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████ but these

"bare contention[s]" that an issue is disputed is insufficient to create a material

issue of fact. *White v. Boyle,* 538 F.2d 1077, 1079 (4th Cir. 1976).[13]

---

[13] ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Engler's argument that the District Court should have unconditionally accepted her unsupported beliefs and speculations because affidavits are by their nature self-serving is unsupported even by the authority on which she relies. (Br. 42). Engler cites *Hill v. Tangherlini*, a Seventh Circuit case, for the proposition that "the term 'selfserving' must not be used to denigrate perfectly admissible evidence." 724 F.3d 965, 967 (7th Cir. 2013). In cherry-picking this quote, Engler misses that the Seventh Circuit's decision to consider portions of the employee's affidavit in opposition to summary judgment stricken by the lower court did not turn on whether the affidavit was self-serving but on the court's finding that those portions were based on personal knowledge as allowed by Rule 56(c). *Id.* at 968.

Indeed, consistent with *Hill*, this Circuit in a 2011 unreported case, *Harris v. Mayor & City Council of Baltimore*, noted that "[t]here is…no rule against 'self-serving' affidavits. Federal Rule of Civil Procedure 56(e) requires only that affidavits 'be made on personal knowledge, set out facts admissible in evidence, and show that the affiant is competent to testify on the matters stated.'" 429 F. App'x 195, 198, n. 5 (4th Cir. 2011). In 2013, in *Jiggets ex rel. S.J. v. Long*, this Court again clarified that the issue is not whether the affidavit is "self-serving", but whether an affidavit contains factual support: "[s]elf-serving statements in

21

affidavits *without factual support in the record* carry no weight on summary judgment." 510 F. App'x 278, 286 (4th Cir. 2013) (emphasis in original).

As Engler's assertions lack factual support in the record, the District Court should not have given those statements any greater weight on summary judgment than was given.

### 2.  *The District Court Was Not Required To Make Every Inference in Engler's Favor.*

In addition to incorrectly asserting that the District Court should have whole-cloth accepted Engler's uncorroborated statements, Engler also contends that the District Court should have made every possible inference in Engler's favor. Specifically, Engler asserts that the District Court should have inferred: █████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████

A nonmoving party cannot defeat a well-supported summary judgment motion with a heap of speculative inferences, and Engler's appeal warrants no deviation from that well established principle. "[T]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather,* 731 F.3d 303, 311 (4th Cir. 2013). The court is to "give credence" to "evidence supporting the moving party that is uncontradicted and unimpeached[.]" *Id.* at 151.

The district court should not make inferences on behalf of the non-movant that are unreasonable. "Permissible inferences must still be within the range of reasonable probability …, and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." *Ford Motor Co. v. McDavid,* 259 F.2d 261, 266 (4th Cir. 1958).

In assessing which inferences should be made, this Court has explained that:

Whether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary. In the end, the non-moving party must do more than present a 'scintilla' of evidence in its favor. Rather, the non-moving party must present sufficient evidence such that reasonable jurors could find by a preponderance of the evidence for the non-movant, for an apparent dispute is not 'genuine' within contemplation of the summary judgment rule unless the non-movant's version is supported by

23

> sufficient evidence to permit a reasonable jury to find the facts in his favor. Thus, if the evidence is 'merely colorable' or 'not significantly probative,' a motion for summary judgment may be granted.

*Sylvia Dev. Corp. v. Calvert County,* 48 F.3d 810, 818 (4th Cir. 1995). The court "must not slip into 'sheer speculation.'" *Gibson v. Old Town Trolley Tours of Washington, D.C., Inc.*, 160 F.3d 177, 181 (4th Cir. 1998). *See also Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985) (nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."); *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("mere unsupported speculation, such as this, is not enough to defeat a summary judgment motion"); *Dash*, 731 F.3d at 324-25 ("we would be building inference upon inference to conclude that these facts were sufficient to rebut Appellees' evidence.").

In light of this, to prevail, Engler was required to establish through admissible evidence that her protected activity was the determinative reason for her inclusion in the reduction in force. *Univ. of Tx. Sw. Med. Ctr. v. Nassar*, __U.S. __, 133 S.Ct. 2517, 2533 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation.").[14] The plaintiff "retains

---

[14] In order to establish a prima facie case of retaliation, a plaintiff must establish: (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link between the two events. *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004); *Lettieri v.*

24

the ultimate burden of persuading the trier of fact ... that her engagement in the protected activities was a 'but-for' cause" of the alleged adverse employment action. *Staley v. Gruenberg,* __ F. App'x __, No. 13–1875, 2014 WL 2535403, *1 (4th Cir. Jun. 6, 2014) (*per curiam*).

In cases like this one, where a plaintiff lacks direct evidence, courts may rely on circumstantial evidence of causation under the burden-shifting framework established by *McDonnell-Douglas v. Green,* 411 U.S. 792 (1973). "In the *McDonnell-Douglas* framework, the plaintiff must first establish a prima facie case of retaliation, whereupon the burden shifts to the employer to establish a legitimate nonretaliatory reason for the action." *Price,* 380 F.3d at 212 (4th Cir. 2004). If the employer meets its burden, "the plaintiff then must show that the employer's proffered reasons are pretextual … by showing that the explanation is unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of [retaliation]." *Id.*

Thus, "[t]he ultimate question is whether the employer intentionally [retaliated], and proof that 'the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason . . . is correct.'" *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 146 (2000); *accord Price,* 380 F.3d at 217. "It is not enough, in

---

*Equant Inc.,* 478 F.3d 640, 650 (4th Cir. 2007). In this appeal, only causation is at issue.

other words, to *dis*believe the employer; the factfinder must believe the plaintiff's explanation of [retaliation]." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 519 (1993) (emphasis in original). The plaintiff always has the ultimate burden of "establish[ing] that . . . her protected activity was a but-for cause of the alleged adverse action by the employer." *Nassar*, 133 S.Ct. at 2534.

When Engler's assertions and the requested inferences are reviewed within the context of the full record of admissible evidence, Engler is unable to meet her ultimate burden. The requested inferences should not be made, and the District Court properly disposed of this case on summary judgment.

### 3. *Engler Is Unable To Demonstrate The But-For Causation Required To Meet Her Prima Facie Case.*

A plaintiff can prove the causation requirement either through direct evidence or circumstantially through evidence of "temporal proximity between protected activity and the allegedly retaliatory conduct" or through evidence of "recurring retaliatory animus" during the intervening period between the protected activity and the alleged retaliatory act. *Lettieri*, 478 F.3d at 650.

Under the "recurring retaliatory animus" standard, the plaintiff must show "a consistent pattern of animus to the plaintiff following the protected act." *Id.* at 649. Absent such a consistent pattern occurring between the protected activity and the adverse action, this Circuit will not find an inference of a causal connection for purposes of meeting a *prima facie* case. *Id.* at 650; *see also Johnson v. Wheeling-*

*Pittsburgh Steel Corp.*, 279 F. App'x 200, 204-05 (4th Cir. 2008).

Here, Engler relies on the recurring retaliatory animus theory rather than a temporal theory and cites three instances which she asserts collectively demonstrate a consistent pattern of animus sufficient to meet her burden on causation.[15] ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ A review of the three instances she cites–both separately and collectively–confirm that Engler is unable to establish a *prima facie* case of retaliation.[16]

    a.   Engler's perception that her supervisor became distant in August 2008 <u>fails to substantiate her claim.</u>

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[15] ████████████████████████████████████████████

████████████████████████████

[16] Engler did not raise an argument of "recurring retaliatory animus" nor cite to *Lettieri* below.  (Dkt. No. 112).  Nevertheless, the District Court, construing the evidence in the light most favorable to Engler and applying the *Lettieri* standard, determined that Engler did not produce circumstantial evidence sufficient to raise a genuine dispute as to the existence of recurring retaliatory animus and failed to establish a nexus between recurring retaliatory animus and her termination.  (J.A. A55-A56.)

27



[17]

────────────────

[17] If otherwise legally sufficient, which it is not, ████████████████ *See Shields v. Federal Express Corp.*, 120 F. App'x 956, 963 (4th Cir. 2005) (holding three to four months was insufficient to raise an inference); *Pascual v. Lowe's Home Centers, Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (holding that three to four month period between the termination and protected activities is too long); *Hooven–Lewis v. Caldera*, 249 F.3d 259, 278 (4th Cir. 2001) ("A six month lag is sufficient to negate any inference of causation.").

Courts regularly have found that the speculative assignment of nefarious motives to facially neutral comments is insufficient to establish retaliatory animus. *See e.g., Takele v. Mayo Clinic*, 576 F.3d 834, 839 (8th Cir. 2009) (affirming summary judgment where the statements that the plaintiff relied upon "d[id] not demonstrate pretext or create a reasonable inference of discrimination, as the comments d[id] not suggest discriminatory animus without resorting to speculation."); *Quinones v. Buick*, 436 F.3d 284, 289 (1st Cir. 2006) ("Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation."); *McMillian v. Svetanoff*, 878 F.2d 186, 190 (7th Cir. 1989) (refusing to assign plaintiff's subjective belief that her employer's neutral comment was racially biased and noting the subjective beliefs of the plaintiff are insufficient to create a genuine issue of material fact).

For example, in *Perry v. Kappos,* this Circuit found that the plaintiff presented no evidence of recurring retaliatory animus where he merely alleged that a supervisor acted "uncharacteristically aggressive." 489 F. App'x 637, 643-44 (4th Cir. 2012). This Court refused to assign nefarious motives to the supervisor's questions and recognized that the plaintiff was merely "attempting to convert [supervisor]'s actions from those of a solicitous supervisor to those of a boss

scheming to thwart the exercise of federally recognized rights." *Id.* In finding that the plaintiff failed to meet his burden on causation, the court noted that, "[a]t the summary judgment stage, … we will not allow the nonmoving party to 'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Id.*

Even if Engler's perceptions were enough to warrant an inference that her supervisor developed some level of animus against her, to be sufficient to substantiate a claim, Engler must show that any such animus was a retaliatory response to her speaking to him about the concerns of other female employees and was the but-for cause of her inclusion in the RIF. *See Staley*, 2014 WL 2535403 at *2 ("temporal proximity alone is not sufficient to establish that [a plaintiff's] engagement in protected activity was a 'but for' cause of" adverse employment action") (citing *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir.)). There is simply no basis for that leap in the record.

Indeed, any such inference is negated by the rest of the record. ███████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████

  ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

When looked at in the context of the record as a whole, Engler's perceptions of her supervisor's behavior and comments fail to substantiate her claim.

    b.  <u>The alleged</u> ██████████████████ <u>does not exist.</u>

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



*See also Lettieri*, 478 F.3d at 650.

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████

In an effort to cure this evidentiary problem and to ignore the timing issue of the writing of the purported memorandum, on appeal, Engler now relies upon an e-mail exchange with Harris counsel the month after the RIF as a purported admission of a party opponent in accordance with Fed. R. Evid. 801(d)(2)(D).[19] (Br. 6; 21). Engler, however, is unable to lay an adequate evidentiary foundation to admit the statement as an admission.

To use the exception under Fed. R. Evid. 801(d)(2)(D), the proponent must establish that the scope of the speaker's employment included decision making authority over the actionable event. *Precision Piping & Instruments, Inc. v. E.I. du Pont de Nemours & Co.*, 951 F.2d 613, 619-20 (4th Cir. 1991) (holding statements of employee who had no authority to hire and fire inadmissible to establish bias in contract termination); *Hill v. Spiegel, Inc.*, 708 F.2d 233, 236-37 (6th Cir. 1983) (inadmissible hearsay where "no evidence that [makers of statements] had any involvement in the decision" to terminate employee in age discrimination case).

---

[19] Engler made no reference to this e-mail to the District Court below.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

Even if she was able to overcome this evidentiary hurdle, the email does not substantiate the admission Engler seeks. ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

Based on the utter lack of admissible evidence regarding the purported memorandum, the District Court properly held that the "mere possibility of the existence" of the memorandum was "insufficient to create an inference of discriminatory animus." (J.A. A57). This Court should find the same.

34

c.  Engler's interpretation of a dinner conversation is insufficient to
    <u>substantiate her claim.</u>

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████  Again here, the

nefarious interpretation that Engler assigns to this conversation is insufficient to

establish retaliatory animus. *Perry*, 489 F. App'x at 643-44.  ██████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

35

█████████████ *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284, 288-89 (4th Cir. 2004) (*en banc*) (finding that employee must show that the person showing discriminatory animus was the one "principally responsible" for, or the "actual decisionmaker" behind, any adverse action); *Belyakov v. Leavitt*, 308 F. App'x 720, 726 (4th Cir. 2009) (affirming summary judgment in favor of employer where individual who allegedly made the statement at issue was not responsible for the adverse action).

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████

> d.  When viewed collectively, the three instances fail to support the recurring retaliatory animus necessary for Engler to meet her <u>burden.</u>

In addition to the problems each instance has when viewed on its own, when viewed collectively, the three instances fail to establish recurring retaliatory animus, and the cases relied upon by Engler do not salvage her claim.

Whereas this Circuit has not had an opportunity to expressly address any impact *Nassar* may have on the recurring retaliatory animus standard set forth in *Lettieri*, when that question was considered by both the Sixth and Seventh Circuits, they held that the but-for causation standard established by the U.S. Supreme Court

applies. *See Goodsite v. Norfolk S. Ry. Co.*, 573 F. App'x 572, 582 (6th Cir. 2014); *Chaib v. Indiana,* 744 F.3d 974, 987 (7th Cir. 2014).

For example, the Seventh Circuit has adopted a "convincing mosaic" standard as its analog to this Circuit's "recurring retaliatory animus" standard. In considering the "convincing mosaic" standard post-*Nassar*, the Seventh Circuit applied the same existing standard along with the but-for causation requirement. *Chaib v. Indiana*, 744 F.3d 974 (7th Cir. 2014). Specifically, the court found that, although a female corrections officer was engaged in protected activity when she complained of various forms of discrimination, none of the adverse employment actions she identified were tied to those complaints as is required to establish the but-for causation required for Title VII retaliation claims. *Id.* at 987. The court noted that there was nothing in the record suggesting the adverse actions would not have occurred but-for her complaints, and thus the plaintiff did not present a "convincing mosaic" of circumstantial evidence of retaliation. *Id.; see also Cung Hnin v. TOA (USA), LLC*, 751 F.3d 499, 509 (7th Cir. 2014) (applying *Nassar* and affirming district court grant of summary judgment).

Similarly, in *Goodsite v. Norfolk S. Ry. Co.*, the Sixth Circuit employed the *McDonnell-Douglas* burden shifting framework on a retaliation claim based upon circumstantial evidence and, in light of *Nassar*, determined that the plaintiff must prove that the "protected conduct was a but-for cause of the adverse action." 573 F.

37

App'x at 582.   The plaintiff alleged a six-month period prior to her removal wherein she filed several complaints and the defendants took consistent materially adverse actions against her in retaliation.  *Id.* at 573. The court found that the plaintiff did not establish a but-for causal connection between her protected activities and the alleged materially adverse actions.  *Id.* at 584.[20]

Like in the Sixth and Seventh Circuits, there is no basis to apply a more favorable standard in Engler's case.  Two recent decisions are illuminative. Post-*Nassar*, in *Staley v. Gruenberg*, this Court applied the *McDonnell-Douglas* burden shifting to the plaintiff's retaliation claim because the plaintiff did not present direct evidence of retaliation.   2014 WL 2535403 at *1.   The Court noted, "[i]mportantly, although intermediate evidentiary burdens shift back and forth under this framework, [plaintiff] retains the ultimate burden of persuading the trier of fact that her engagement in the protected activities was a "but for" cause of her [adverse employment action]" *Id.* (citing *Nassar*, 133 S.Ct. at 2533).  Looking at the circumstantial evidence cited by the plaintiff, the Court refused to assess the well-founded business decision by her supervisors and noted that "it is not for this court to decide whether the decision by Staley's supervisors was wise."  *Id.* at *2.

Similarly, post-*Nassar*, in *Bell v. Shinseki*, the Court analyzed a retaliation

---

[20] The court ultimately affirmed the grant of summary judgment because her supervisor's alleged retaliatory motive was not the motivating factor in another manager's decision to terminate her, and thus the proffered reasons for her termination were not pretext for Title VII retaliation.  *Id.* at 586-887.

claim under the burden-shifting framework established in *McDonnell-Douglas* where, as here, the plaintiff presented no direct evidence of retaliation. No. 13-1890, 2014 WL 4555250, *1 (4th Cir. Sept. 16, 2014). The Court noted that, if the employer meets its burden under *McDonnell-Douglas*, "the plaintiff then must show that the employer's proffered reasons are pretextual ... by showing that the explanation is unworthy of credence or by offering *other forms of circumstantial evidence sufficiently probative of retaliation.*" *Id.* (emphasis added). The Court looked to *Nassar* and, in light of the heightened causal connection standard, found that, even assuming pretextual hostility existed, the claim was implausible, and summary judgment for the employer was proper. *Id.* at 2.

Engler relies principally on *Lettieri* as being comparable to her facts, but this reliance is misplaced. The facts in *Lettieri* and other Fourth Circuit cases applying the *Lettieri* standard are not comparable to those at issue here.

In *Lettieri*, the facts were egregious. During an interview for a promotion, a supervisor asked the plaintiff many personal questions regarding her children, what her child care responsibilities were, and "how [her] husband handled the fact that [she] was away from home so much, not caring for the family." *Id.* at 643. Following the interview, the plaintiff notified her then supervisor and expressed her concern about the gender stereotyping evident during her interview. *Id.* The same month, the plaintiff learned that a male employee was selected to fill the

39

position and was told that the key reason was that the male employee's children were already raised and his wife would move to accommodate the position. *Id.* After working under the male employee for several months, plaintiff made a complaint to human resources about her male supervisor's "intolerable treatment of her … [and] reported that he alternately screamed and cursed at her or gave her the 'silent treatment.'" *Id.* at 643-44. Additionally, the male supervisor would refer to plaintiff and another female employee as "bitches" or "stupid bitches" to other employees and he would consistently refer to another female employee's attractiveness and "physical attributes." *Id.* at 644. Following that complaint, she was stripped of significant job responsibilities, including her authority to set prices and meet directly with clients. *See id.* at 650-51. The demotion led to discussions about terminating the plaintiff and replacing her with a male colleague who was a "poor performer" with other very negative attributes. *Id.* at 645. Once the decision was made to fire her, her supervisor sought immediate approval to hire a replacement for her. *Id.* At the termination meeting, Lettieri's supervisor stated "My don't you look pretty in pink," and, "I like girls that are dressed in pink." *Id.* at 645. It was also noted that only the plaintiff and her female colleague were targeted for termination within their division during this period. *Id.* at 645. Given the multiple and overt examples of retaliatory animus, the Court concluded that the plaintiff had put forward the kind of "'evidence that clearly indicates a

40

discriminatory attitude at the workplace and ... illustrate[s] a nexus between that negative attitude and the employment action.'" *Id.* at 649.

In *Merritt v. Old Dominion Freight Line, Inc.*, a recurring retaliatory animus case decided post-*Lettieri*, a female plaintiff presented evidence that she was twice passed over in favor of less-experienced males, was not told the truth about her supervisor's authority to fill the position she applied for, was informed that the reason she was not hired was because "some were uncomfortable with women having the job," and that the physical requirements of the job "were too demanding for women". 601 F.3d 289, 301 (4th Cir. 2010). In addition, the plaintiff presented evidence that even after she finally was hired, she was placed on an out-of-the-ordinary probationary status and her official job title never changed. *Id.* The Court found the evidence supported a finding of "recurring retaliatory animus" that would allow a jury to conclude that the defendant never wanted to hire plaintiff in the first place and was looking for a reason to fire her. *Id.*

Engler presents nothing like the factual scenarios presented in either *Lettieri* or *Merritt*, and thus, even when viewed collectively, the individual events on which Engler relies fail to establish the required recurring retaliatory animus.

### 4. *Harris Has Met Its Burden Of Proffering A Legitimate, Nonretaliatory Reason For Engler's Inclusion In The RIF.*

Harris' burden to demonstrate a legitimate nonretaliatory reason is one of production. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir.

41

2007); *Moore v. Mukasey*, 305 F. App'x 111, 114-15 (4th Cir. 2008). Harris needs to present facts which demonstrate "reasons for its actions which, *if believed by the trier of fact,* would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's*, 509 U.S. at 507 (emphasis in original). This "can involve no credibility assessment." *Id.* at 509. Harris met this burden, and Engler cites her affidavit and a myriad of unsupported speculations to rebut Harris' legitimate reason.

In meeting its burden, ███████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████
███████████████████████████████████████

43

44



[21]

There is no basis whatsoever for these inferences and thus they were properly not made.  (*See supra* 21-25).

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████

This evidence satisfies Harris' burden of production regarding a legitimate, nonretaliatory purpose.

### 5. *Engler Failed To Meet Her Burden Of Proffering Any Evidence That Harris' Legitimate, Nonretaliatory Reason Is Pretextual.*

Given that Harris met its burden of demonstrating a legitimate nonretaliatory reason for including Engler in the RIF, Engler "must then demonstrate that the employer's reason was mere pretext for retaliation by showing both that the reason was false and that discrimination was the real reason for the challenged conduct." *Smith v. First Union Nat. Bank*, 202 F.3d 234, 248 (4th Cir. 2000). *See also Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455-46 (4th Cir. 1989) ("Once this showing is made, the burden of proof lies with the plaintiff to show, by a preponderance of the evidence, that the employer's proffered reasons for the dismissal are pretextual.").

47

The court "does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination." *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998). A court will not second-guess the employer's business decisions. *See Rowe v. Marley Co.*, 233 F.3d 825, 831 (4th Cir. 2000) (noting that a decision to hire or retain certain individuals "is the kind of business decision that we are reluctant to second-guess."). Instead, the court is only to be concerned with ensuring decision-makers were not improperly motivated by discriminatory animus. *Id*.

Engler's reliance on *Russell v. Acme-Evans Co.*, 51 F.3d 64, 69 (7th Cir. 1995), for the proposition that she need only show that *one* of the employer's stated reasons is pretextual is erroneous. Engler clings to a line of dicta which states "[t]here may be cases in which the multiple grounds offered by the defendant for the adverse action of which the plaintiff complains are so intertwined, or the pretextual character of one of them so fishy and suspicious, that the plaintiff could withstand summary judgment." However, just as the next line of *Russell* states "[t]his is not such a case." *Id*. There is nothing "fishy and suspicious" about the RIF that obviates Engler's need to meet her burden in demonstrating pretext. Engler must establish with admissible record evidence that Harris' legitimate, nondiscriminatory reason for eliminating her position as part of the cost cutting measures that necessitated the RIF was a pretext to retaliate against her.

48

Engler cannot meet her burden by simply saying that she disagrees with management's reasoning to terminate her position, yet that is all she offers. *See Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994) (finding that the plaintiff failed to meet his ultimate burden of proving retaliatory discharge where he failed to produce evidence that his employer's "substantial reasons for its decision to demote [him]" were pretextual); *Williams,* 871 F.2d a 456 (4th Cir. 1989) ("Once this showing is made, the burden of proof lies with the plaintiff to show, by a preponderance of the evidence, that the employer's proffered reasons for the dismissal are pretextual.")

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████

██████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████ The Fourth

Circuit has repeatedly recognized that private entities need to adapt to shifting business demands. *See Mereish v. Walker*, 359 F.3d 330, 335-36 (4th Cir. 2004) (recognizing as legitimate an employer's determinations that plaintiff's job was not critical); *Rowe*, 233 F.3d at 830 (employer's reduction in force to address economic conditions was a legitimate reason for plaintiffs termination); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 513 (4th Cir. 1994) (holding in age discrimination context that anti-discrimination laws "[were] not intended to obstruct the ability of a commercial enterprise to make necessary adjustment in the face of economic challenges"); *Gower v. U.S. Fidelity and Guar Co.*, 56 F.3d 61, *2 (1996) (recognizing that "reductions in force reflect business realities - the need to consolidate and reduce operations for economic reasons - not age discrimination.").

████████████████████████████████████████████

███████████████████████████████████████████



Engler, however, cannot create inconsistency and establish pretext by taking statements out of context. *Price*, 380 F.3d at 216-17 (cherry-picking of quotes from the deposition that created the appearance of inconsistencies insufficient to establish pretext in retaliatory discharge case).



[22]

[23] (*See*

*supra* 19).

Again, as this Circuit has made clear, courts do not second-guess business decisions leading to discharge.  *See Henson v. Liggett Group, Inc.,* 61 F.3d 270, 277 (4th Cir. 1995); *Rowe,* 233 F.3d at 831.  In this case, Harris' decision to eliminate Engler's position in a group that was struggling financially is supported

---

[22]

[23] To the extent these statements are counter to her affidavit on the same point, the affidavit should not be considered on that point.  (*See infra* at 17, 19).

by the record and is a decision that this Circuit should not second-guess.

███████████████████████████████████████

█████████

████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████

*Gunby v. Pennsylvania Elec. Co.*, 840 F.2d 1108 (3rd Cir. 1988), which

Engler relies on to argue that her Low Performance rating was pretextual, is

inapposite to this case. In *Gunby*, the negative performance evaluation was created

one month after plaintiff raised concerns about discriminatory practices. In this

case, it is undisputed that Engler engaged in protected activity throughout her

employment with Harris, and throughout the times she received favorable

performance evaluations and bonuses in 2006, 2007 and 2008. *Id.* at 1117.

Moreover, in *Gunby*, evidence in the record expressly contradicted the

performance evaluation's conclusion that the plaintiff frustrated his supervisor. *Id.*

at 1117. No such conditions exist in this case.[24]

---

[24] Similarly inapposite is *Sklaver v. Casso-Solar Corp.*, 2004 WL 1381264 (S.D.N.Y. May 15, 2004), an unpublished decision where Plaintiff's post hoc evaluation was the only reason the employer provided for terminating him

In addition, this Court has recognized that the mere fact that rating systems such as the one used in this case are inherently merit-based and subjective, does not establish pretext. In *Conkwright v. Westinghouse Electric*, 933 F. 2d 231 (4th Cir. 1991), the employer during a reduction in force applied an internal, neutral merit-based rating system and selected the lowest rated employees for workforce reduction. In affirming the grant of the summary judgment, the court could find "no significant evidence that shows the rating system was a pretext for Conkwright's firing or that age played any role in the termination decision." 933 F. 2d at 235. ██████████████████████

████████████████████████████████████

██████████████████

Engler's evaluation of her own performance is also immaterial. The question is not whether Engler was meeting performance expectations, but whether she was selected in the RIF for a retaliatory purpose. As the Seventh Circuit noted in *Russell v. Acme-Evans*, the issue in determining whether an employer's action was a pretext to retaliate is not "the adequacy in fact of [her] performance." *Id.* at 69. Rather, the issue is "the honesty of the company's belief that [her] performance was inadequate. *Id.* To establish this point, Engler cannot, as she does, rely on her statements alone, because she will not "be able to testify *from [her] personal*

---

unexpectedly. *Id.* at *8. There is more evidence in support of Engler's inclusion in the RIF here.

*knowledge* to whether [Harris] was being honest about why it took some adverse action against [her]." *Id.*[25]



[26]

---

[25] Failing to meet an employer's job performance expectations is a legitimate nonretaliatory reason for discharge. *King v. Rumsfeld*, 328 F.3d 145, 151 (4th Cir. 2003). Unsatisfactory work performance and the inability to work with fellow employees are legitimate reasons for selecting the employee for lay-off. *See Mallory v. Booth Refrigeration Supply Co., Inc.*, 882 F.2d 908, 910-11 (4th Cir. 1989).

[26] Engler's case is also distinguishable from *Lawrence v. National Westminster Bank*, 98 F.3d 61, (3rd Cir. 1996), which she relies on for the proposition that summary judgment is not proper where questions exist as to whether the justification for the termination was made after the actual termination. In

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████ *Williams*, 871 F.2d at 456; *see Love-Lane v.*

*Martin*, 355 F.3d 766, 789 (4th Cir. 2004) (unsupported opinions of pretext for

improper dismissal were insufficient to "withstand the defendants' motion for

summary judgment on the discrimination claims"). ████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

## V.    CONCLUSION

For the reasons stated above, Appellee Harris Corporation respectfully

requests this Court affirm the April 7, 2014 memorandum opinion and order of the

District Court granting summary judgment in Appellee's favor.

---

Lawrence, unlike in this case, the Plaintiff established that a material issue of fact
existed as to when a memorandum explaining the reason for termination was
created through evidence in the record including deposition testimony establishing
the plaintiff's favorable job performance. ████████████████████
███████████████████████████████████████████
████████████████████████████████

## VI.    REQUEST FOR ORAL ARGUMENT

If the Circuit has any inclination to reverse the District Court's decision or remand for further proceedings, Harris Corporation respectfully requests that the Court schedule a hearing for oral argument in this Appeal.

Respectfully submitted,

HOLLAND & KNIGHT LLP

    /s/  Lynn E. Calkins
Lynn E. Calkins
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
E-mail:  lynn.calkins@hklaw.com

*Counsel for Appellee Harris Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of October, 2014, I served the Public

Brief of Appellee via CM/ECF upon:

James R. Klimaski
Klimaski@Klimaskilaw.com
KLIMASKI & ASSOCIATES, P.C.
1625 Massachusetts Avenue, N.W., Suite 500
Washington, DC 20036-2245
*Counsel for Appellant Susan Engler*

and via U.S. Mail upon:

Lynn I. Miller
Miller@Klimaskilaw.com
John P. Racin
Racin@Klimaskilaw.com
KLIMASKI & ASSOCIATES, P.C.
1625 Massachusetts Avenue, N.W., Suite 500
Washington, DC 20036-2245
*Counsel on brief for Appellant Susan Engler*


HOLLAND & KNIGHT LLP

**/s/ Lynn E. Calkins**
Lynn E. Calkins
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
E-mail: lynn.calkins@hklaw.com

*Counsel for Appellee Harris Corporation*

59

# CERTIFICATE OF COMPLIANCE

1.    This Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this Brief contains 13,940 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This Brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word in Fourteen point, Times New Roman.


HOLLAND & KNIGHT LLP

___ **/s/  Lynn E. Calkins** _____
Lynn E. Calkins
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
E-mail: lynn.calkins@hklaw.com

*Counsel for Appellee Harris Corporation*

# STATUTORY ADDENDUM

# FEDERAL RULES

## OF

# CIVIL PROCEDURE

————

WITH FORMS

————

DECEMBER 1, 2013



Printed for the use

of

## THE COMMITTEE ON THE JUDICIARY

## HOUSE OF REPRESENTATIVES

App. 1

entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

(c) SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

(d) JUDGMENT AGAINST THE UNITED STATES. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

### Rule 56. Summary Judgment

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

## Rule 57. Declaratory Judgment

These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

# FEDERAL RULES

## OF

# EVIDENCE

———

DECEMBER 1, 2013



Printed for the use

of

THE COMMITTEE ON THE JUDICIARY

HOUSE OF REPRESENTATIVES

App. 4

crime charged or of a defense. Those matters are for the trier of fact alone.

(As amended Pub. L. 98–473, title II, §406, Oct. 12, 1984, 98 Stat. 2067; Apr. 26, 2011, eff. Dec. 1, 2011.)

## Rule 705. Disclosing the Facts or Data Underlying an Expert's Opinion

Unless the court orders otherwise, an expert may state an opinion—and give the reasons for it—without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination.

(As amended Mar. 2, 1987, eff. Oct. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 26, 2011, eff. Dec. 1, 2011.)

## Rule 706. Court-Appointed Expert Witnesses

(a) APPOINTMENT PROCESS. On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.

(b) EXPERT'S ROLE. The court must inform the expert of the expert's duties. The court may do so in writing and have a copy filed with the clerk or may do so orally at a conference in which the parties have an opportunity to participate. The expert:

(1) must advise the parties of any findings the expert makes;

(2) may be deposed by any party;

(3) may be called to testify by the court or any party; and

(4) may be cross-examined by any party, including the party that called the expert.

(c) COMPENSATION. The expert is entitled to a reasonable compensation, as set by the court. The compensation is payable as follows:

(1) in a criminal case or in a civil case involving just compensation under the Fifth Amendment, from any funds that are provided by law; and

(2) in any other civil case, by the parties in the proportion and at the time that the court directs—and the compensation is then charged like other costs.

(d) DISCLOSING THE APPOINTMENT TO THE JURY. The court may authorize disclosure to the jury that the court appointed the expert.

(e) PARTIES' CHOICE OF THEIR OWN EXPERTS. This rule does not limit a party in calling its own experts.

(As amended Mar. 2, 1987, eff. Oct. 1, 1987; Apr. 26, 2011, eff. Dec. 1, 2011.)

## ARTICLE VIII. HEARSAY

## Rule 801. Definitions That Apply to This Article; Exclusions from Hearsay

(a) STATEMENT. "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.

(b) DECLARANT. ''Declarant'' means the person who made the statement.

(c) HEARSAY. ''Hearsay'' means a statement that:

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

(d) STATEMENTS THAT ARE NOT HEARSAY. A statement that meets the following conditions is not hearsay:

(1) *A Declarant-Witness's Prior Statement.* The declarant testifies and is subject to cross-examination about a prior statement, and the statement:

(A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;

(B) is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

(C) identifies a person as someone the declarant perceived earlier.

(2) *An Opposing Party's Statement.* The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

(C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

(As amended Pub. L. 94–113, §1, Oct. 16, 1975, 89 Stat. 576, eff. Oct. 31, 1975; Mar. 2, 1987, eff. Oct. 1, 1987; Apr. 11, 1997, eff. Dec. 1, 1997; Apr. 26, 2011, eff. Dec. 1, 2011.)

## Rule 802. The Rule Against Hearsay

Hearsay is not admissible unless any of the following provides otherwise:

- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

(As amended Apr. 26, 2011, eff. Dec. 1, 2011.)

## Rule 803. Exceptions to the Rule Against Hearsay—Regardless of Whether the Declarant Is Available as a Witness

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: